FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 MAY -1 PM 5: 19
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR MANUEL PEREZ-RAMIREZ, Petitioner | * | |
| | * | |
| v. | | CIVIL ACTION NO. RDB-17-1291 |
| | * | |
| WARDEN W.C.D.C., *et al.*, Respondents | * | |

\*\*\*\*\*\*

## **MEMORANDUM**

Victor Manuel Perez-Ramirez, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security, Immigration and Customs Enforcement. ECF 1. Respondents Warden Worcester County Detention Center, *et al.*, filed a Motion to Dismiss for Lack of Jurisdiction indicating that Perez-Ramirez was removed from the United States on December 13, 2017. ECF 17. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Perez-Ramirez's petition will be DENIED.

Perez-Ramirez is a native and citizen of Mexico. ECF 4-2. He entered the United States on May 8, 2013 as a H2B nonimmigrant with authorization to stay in the United States for a period not to exceed one year. ECF 17-2 at p. 3; ECF 1-1 at p. 18. He remained in the United States beyond the one year period. On September 16, 2016, Perez-Ramirez was issued a notice to appear to answer charges of being removable pursuant to the Immigration and Nationality Act § 237(a)(1)(B) for remaining in the United States without authorization from the Department of Homeland Security. ECF 1-1, at p. 18. Subsequently, Perez-Ramirez admitted his removability. *Id.*

Perez-Ramirez remained in detention pending his removal as the immigration judge

found during bond hearings that Perez-Ramirez posed a danger to the community. ECF 4-2. Perez-Ramirez sought relief from removal, including application for asylum, withholding, and under the Convention Against Torture. ECF 1-1, at pp. 1-9. His efforts were unsuccessful and on March 16, 2017, the immigration judge ordered Perez-Ramirez removed from the United States to Mexico. ECF 17-2 at p. 11. Perez-Ramirez's appeal of the removal order was denied by the Board of Immigration Appeals on November 17, 2017. ECF 17-3 at pp. 2-4. On December 13, 2017, Perez-Ramirez was removed from the United States. ECF 17-4.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). In light of Perez-Ramirez's removal, his habeas challenge to his detention has been rendered moot.

A separate Order shall be entered dismissing this Petition without oral hearing.

_May 1, 2018_
Date

_Richard D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE